IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ANNETTE MCATEER

       Plaintiff,

v.

INLAND FLEXO, LLC

       Defendant.

No.

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Annette McAteer files this Complaint against Defendant Inland Flexo, LLC, and in support thereof avers as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Count I which is based upon a law of the United States of America, the Americans with Disabilities Act, 42 U.S.C. §12101, ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5. Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-

1

2017-02791, on June 1, 2017, and simultaneously dual filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number no. unknown).

6. On August 31, 2017, the EEOC issued a Notice of Right to Sue permitting Plaintiff to file her cause of action under the ADA.

## PARTIES

7. Plaintiff Annette McAteer ("McAteer") is an adult female who resides at 602 Somerset Court, Chester Springs, PA 19425.

8. Defendant Inland Flexo, LLC ("Inland") is a Wisconsin corporation which maintains its principal place of business at 2009 West Avenue South, La Crosse, WI 54601; and an office in the Commonwealth of Pennsylvania at 520 Lincoln Avenue #300, Downingtown, PA 19335.

9. At all times relevant hereto, Defendant Inland was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of Inland.

## FACTUAL BACKGROUND

10. Plaintiff McAteer is employed by Defendant Inland in a job titled, Staff Accountant, earning $21.95 per hour, plus employment benefits,

11. Defendant Inland is a packaging technology company that provides labels and associated products for companies throughout the world; Inland has over 300 employees.

12. Plaintiff McAteer is employed at Defendant Inland's office in Downingtown, PA.

13. Beginning in October 2001, McAteer was originally employed by Monet Graphics as an Accounting Clerk/HR Administrator in Downingtown, PA.

14. In October 2015, Defendant Inland acquired Monet Graphics and Plaintiff McAteer became an Inland employee.

15. Plaintiff McAteer suffers from Meige's Syndrome, a neurological movement disorder characterized by involuntary and often forceful contractions of the muscles of the jaw and tongue and involuntary muscle spasms; and Cervical Dystonia, a movement disorder characterized by involuntary muscle spasms that affect the neck, shoulders and head.

16. Throughout Plaintiff McAteer's employment until 2017 she was viewed as an excellent employee and hard worker.

17. On February 9, 2017, Plaintiff McAteer received a Performance Appraisal and at that time participated in a Skype session with Cristen Houlihan, Controller, and Walter (Mic) Michels, Chief Financial Officer, in which McAteer was advised for the first time in her career that she needed improvement in the quantity of work/productivity and her initiative.

18. Plaintiff McAteer stated that the Performance Appraisal was unfair, that she never received any prior communication about negative issues raised in the evaluation, that she had not been given proper direction, and that her supervisor was not aware of what she was doing in her position to appropriately evaluate her, given that McAteer was in Pennsylvania and her supervisor was in Wisconsin.

19. One of the issues for which Plaintiff McAteer received criticism is that she was told she needed to be involved in inventory with Doug Pastor ("Pastor"), Supply Chain Manager.

20. When Plaintiff McAteer went to the Supply Chain Manager, he said that he was too busy and she did not need to help. McAteer then advised Guy Billing, Manager of the Downingtown office, who responded that inventory was not an issue, and that Supply Chain Manager Pastor should handle it.

21. Plaintiff McAteer was advised that she needed to step up and work longer hours, even though McAteer's job description provides that her work hours are the company's standard hours, 8:30 a.m. to 5:30 p.m. McAteer replied that due to her movement disorder she was not physically capable of working longer hours.

22. On March 9, 2017, Plaintiff McAteer received a letter from Paige Conforti, Human Resource Manager, confirming that McAteer had advised Defendant Inland that she had a disability which, according to Conforti, affected her ability to perform her job duties, and that the company was requesting documentation regarding McAteer's medical condition.

23. On March 22, 2017, Tsao-Wei Liang, M.D., an Associate Professor and Director of Movement Disorders at Thomas Jefferson University, Plaintiff McAteer's treating physician, provided a letter to Defendant Inland describing McAteer's medical condition and requesting the following accommodations: a regular work schedule of no more than 40 hours; participation in aqua therapy that requires McAteer to leave work approximately one hour for two days per week; a private work area; and regular breaks during the workday to relieve her symptoms.

24. On April 12, 2017, Defendant Inland advised McAteer that the regular work schedule and aqua therapy sessions would be accommodated; and that each time she required a break during the workday, she would be allowed to do so. Inland incorrectly claimed that McAteer's current work area was private and that no modification was necessary for her work area.

25. On May 3, 2017, Plaintiff McAteer received a memorandum from Chief Financial Officer Michels, claiming stating that McAteer was not meeting acceptable performance standards in the areas of quality of work, productivity and collaboration, and that her performance had not improved since February 28, 2017.

26.     The criticism in the Performance Improvement Plan is not accurate, and to the extent any activities outlined in the Performance Improvement Plan were not being performed, it was due to a lack of support by Defendant Inland.

27.     Defendant Inland created the Performance Improvement Plan for pretextual reasons. Instead, the intent behind issuing the Performance Improvement Plan was to retaliate against Plaintiff McAteer for her request for reasonable accommodations in the workplace; and an attempt to treat McAteer differently from other employees due to her disability.

28.     Plaintiff McAteer performed her duties to the best of her ability after the issuance of the Performance Improvement Plan and was ultimately advised that she met the Plan's requirements, however, she was then told that she had to meet the same goals again in the next three months.

29.     Defendant Inland has continued to inundate Plaintiff McAteer with more work and additional responsibilities, requiring her to perform the work of many other people, and not providing McAteer with sufficient assistance to do all of her assigned work.

30.     Most recently, Ms. McAteer has had to take a leave from work under the Family Medical Leave Act, due to an exacerbation of her medical condition caused by the undue stress, which has been placed upon her at the workplace as a consequence of being required to do more work and assume additional responsibilities, without sufficient assistance to do all of her assigned work.

31.     Defendant Inland has engaged in an orchestrated plan to discriminate against McAteer based upon her disability, and retaliated against McAteer for requesting reasonable accommodations.

32. Defendant Inland has not proffered a legitimate reason its actions towards Plaintiff McAteer. Even if a reason is provided, said reason would be pretextual in that Defendant had discriminatory motives based upon McAteer's health, a perception that McAteer is permanently disabled and its desire to effectively remove McAteer from the workplace.

33. Plaintiff McAteer has incurred substantial damages as a consequence of Defendant Inland's conduct including lost wages and emotional distress.

34. Defendant Inland's actions have been willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

## VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

35. Paragraphs 1 to 34 are incorporated herein as if set forth in full.

36. Plaintiff McAteer has a disability under the ADA in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

37. Plaintiff McAteer is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer.

38. Defendant Inland is aware of Plaintiff McAteer's disability.

39. Plaintiff McAteer has a record of impairment.

40. Plaintiff is regarded as having such impairment

41. Defendant Inland has treated McAteer differently than other similarly situated individuals who are, or were not disabled, or whom Defendant did not regard as disabled.

42. Defendant Inland has intentionally discriminated against Plaintiff McAteer based on her disability by continually assigning her more work and additional responsibilities, requiring her to do the work of many other people, and not providing McAteer with sufficient assistance to do all of her assigned work in attempt to remove McAteer from the workplace.

WHEREFORE, Plaintiff Annette McAteer requests that this Court enter judgment in her favor and against Defendant Inland Flexo, LLC, and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

                    Andrew S. Abramson, Esq.
                    Abramson Employment Law, LLC
                    790 Penllyn Blue Bell Pike
                    Suite 205
                    Blue Bell, PA 19422
                    telephone: 267-470-4742
                    email:  asa@aemploylaw.com

                    Attorney for Plaintiff Annette McAteer

Dated: November 29, 2017